1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11

12  THERESA PICHLER,                    )  No. CV 10-5336-PLA
                                        )
13              Plaintiff,              )
                                        )
14         v.                           )  **MEMORANDUM OPINION AND ORDER**
                                        )
15  MICHAEL J. ASTRUE,                  )
    COMMISSIONER OF SOCIAL              )
16  SECURITY ADMINISTRATION,            )
                                        )
17              Defendant.              )
                                        )
18  _____ )

19                                 **I.**

20                           **PROCEEDINGS**

21         Plaintiff filed this action on July 27, 2010, seeking review of the Commissioner's denial of

22  her application for Supplemental Security Income payments.  The parties filed Consents to

23  proceed before the undersigned Magistrate Judge on August 24, 2010, and September 14, 2010.

24  Pursuant to the Court's Order, the parties filed a Joint Stipulation on March 17, 2011, that

25  addresses their positions concerning the disputed issue in the case. The Court has taken the Joint

26  Stipulation under submission without oral argument.

27  /

28  /

## II.

## BACKGROUND

Plaintiff was born on June 20, 1953.  [Administrative Record ("AR") at 111.]  She has completed one year of college, has special training in graphic arts, and has past relevant work experience as a driving instructor, graphic artist, and salesperson.  [AR at 143-44, 146, 164-74.]

On May 24, 2007, plaintiff filed her application for Supplemental Security Income payments, alleging that she has been disabled since October 1, 2001, due to, among other things, back pain and osteoporosis.[1]  [AR at 111-14, 142.]  After her application was denied initially, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  [AR at 79-84.]  A hearing was held on June 30, 2008, at which time plaintiff appeared with counsel and testified on her own behalf.  A vocational expert also testified.  [AR at 39-69.]  On August 18, 2008, the ALJ determined that plaintiff was not disabled.  [AR at 14-22.]  When the Appeals Council denied plaintiff's request for review of the hearing decision on April 28, 2010, the ALJ's decision became the final decision of the Commissioner.  [AR at 6-8.]  This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's

---

[1]     Plaintiff also filed an application for widow's insurance benefits.  [AR 115-19.]  Plaintiff does not challenge the ALJ's finding that she was not eligible for such benefits.  [Joint Stipulation at 2 n.1.]

1  decision, the Court examines the administrative record as a whole, considering adverse as well

2  as supporting evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

3  Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court

4  must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala,

5  53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

6

7                                              **IV.**

8                          **THE EVALUATION OF DISABILITY**

9          Persons are "disabled" for purposes of receiving Social Security benefits if they are unable

10 to engage in any substantial gainful activity owing to a physical or mental impairment that is

11 expected to result in death or which has lasted or is expected to last for a continuous period of at

12 least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

13

14 **A.      THE FIVE-STEP EVALUATION PROCESS**

15         The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing

16 whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821,

17 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must

18 determine whether the claimant is currently engaged in substantial gainful activity; if so, the

19 claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in

20 substantial gainful activity, the second step requires the Commissioner to determine whether the

21 claimant has a "severe" impairment or combination of impairments significantly limiting her ability

22 to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id.

23 If the claimant has a "severe" impairment or combination of impairments, the third step requires

24 the Commissioner to determine whether the impairment or combination of impairments meets or

25 equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404,

26 Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id.

27 If the claimant's impairment or combination of impairments does not meet or equal an impairment

28 in the Listing, the fourth step requires the Commissioner to determine whether the claimant has

1    sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled

2    and the claim is denied.  Id.  The claimant has the burden of proving that she is unable to

3    perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a

4    prima facie case of disability is established.  The Commissioner then bears the burden of

5    establishing that the claimant is not disabled, because she can perform other substantial gainful

6    work available in the national economy.  The determination of this issue comprises the fifth and

7    final step in the sequential analysis.  20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828

8    n.5; Drouin, 966 F.2d at 1257.

9

10   **B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

11          In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial

12   gainful activity since her alleged disability onset date of October 1, 2001.  [AR at 18, 21.]  At step

13   two, the ALJ concluded that plaintiff has the following severe impairments:  lumbosacral

14   degenerative disc disease, right elbow tendinitis, and status post fracture residuals to the left index

15   finger.  [Id.]  At step three, the ALJ determined that plaintiff's impairments do not meet or equal

16   any of the impairments in the Listing.  [AR at 19, 21.]  The ALJ further found that plaintiff retained

17   the residual functional capacity ("RFC")[2] to lift 20 pounds occasionally and 10 pounds frequently

18   with certain limitations:

19              [s]he is able to stand/walk for six hours out of an eight-hour workday
               and no limits for sitting.  Postural functions may be performed
20             occasionally.  [Plaintiff] is able to perform frequent, but not constant,
               reaching with her right upper extremity in all directions.  She is able to
21             perform frequent, but not constant, fingering with her left index finger
               ([plaintiff] is right hand dominant).  [Plaintiff] must avoid concentrated
22             exposure to wetness.

23   [AR at 22.]  At step four, the ALJ concluded that plaintiff is able to perform her past relevant work

24   as a driving instructor, graphics designer, and salesperson.  [AR at 20-22.]  Accordingly, the ALJ

25   found plaintiff not disabled.  [AR at 22.]

26

27

          [2]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations.
28   Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

1

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ erred in evaluating the opinion of a treating physician, Dr. Diana Sayadyan. [Joint Stipulation ("JS") at 4-10, 16-17.]  As set forth below, the Court agrees with plaintiff and remands the matter for further proceedings.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians).  See 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; see also Lester, 81 F.3d at 830.  Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant.  Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Despite the presumption of special weight afforded to treating physicians' opinions, an ALJ is not bound to accept the opinion of a treating physician.  Where a treating physician's opinion does not contradict other medical evidence, an ALJ must provide clear and convincing reasons to discount it.  An ALJ may afford less weight to a treating physician's opinion that conflicts with other medical evidence only if the ALJ provides specific and legitimate reasons for discounting the opinion.  See Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632-33 ("Even when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is 'still entitled to deference.'") (citation omitted); Social Security Ruling[3] 96-2p (a finding that a treating physician's opinion is not entitled to controlling weight does not mean that the opinion is rejected).

---

[3]   Social Security Rulings ("SSR") do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

1    Dr. Sayadyan began treating plaintiff as her family physician in March 2007.  [AR at 145,

2  283, 286.]  On April 9, 2007, Dr. Sayadyan completed a "Physical Capacities Evaluation" form.

3  She opined that plaintiff could sit or stand for one hour continuously and two hours total in an

4  eight-hour day; walk for one hour continuously and three hours total in an eight hour day; rarely

5  lift weights of ten pounds and occasionally lift weights less than ten pounds; and grasp, turn, twist,

6  reach, or perform fine manipulations only ten to twenty percent of the time.  [AR at 286.]  The ALJ

7  summarized some of Dr. Sayadyan's treatment notes and stated he gave weight to her opinions

8  "to the extent that they are supported by the clinical and diagnostic findings pursuant to the

9  regulations," but he did not specifically mention her "Physical Capacities Evaluation" form[4] or

10  further explain his evaluation of her opinion.  [AR at 19-20.]  Because Dr. Sayadyan's opinion

11  conflicts with the ALJ's assessment of plaintiff's RFC, the ALJ implicitly rejected the opinion.

12  [Compare AR at 286 with AR at 22.]  The ALJ's failure to provide specific and legitimate reasons

13  for rejecting Dr. Sayadyan's opinion constitutes legal error.  See Lester, 81 F.3d at 830.

14    The Commissioner argues primarily that the ALJ's failure to mention Dr. Sayadyan's opinion

15  was permissible because "[t]he April 2007 form was not probative of disability during the period

16  reviewed by the ALJ, which began in May 2007, based on [plaintiff's] June 2007 application for

17  [Supplemental Security Income] benefits."  [JS at 11.]  The Commissioner cites no authority for

18  the assertion that medical evidence predating a claimant's first date of eligibility for benefits, rather

19  than evidence predating the alleged disability onset date, is irrelevant to the disability evaluation

20  process.  See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008)

21  ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  Such a

22  rule would make little sense as a general proposition.  Moreover, it conflicts with the Social

23  Security Administration's own regulations, which provide that "[b]efore [the Commissioner] make[s]

24  a determination that [a claimant is] not disabled, [the Commissioner] will develop [the claimant's]

25  complete medical history for at least the 12 months preceding the month in which [the claimant]

26

27    [4]  In fact, the ALJ stated Dr. Sayadyan "did  not provide a residual functional capacity
assessment with specific work-related limitations."  [AR at 19.]  The Court notes that plaintiff's
28  attorney and the ALJ specifically discussed Dr. Sayadyan's opinion at the hearing.  [AR at 68-69.]

1    file[s] [her] application . . . unless [the claimant] say[s] [her] disability began less than 12 months

2    before [she] filed [her] application."   20 C.F.R. §§ 404.1512(d), 416.912(d); <u>see</u> 20 C.F.R. §§

3    404.1512(d)(2), 416.912(d)(2) ("By 'complete medical history,' we mean the records of [the

4    claimant's] medical source(s) covering at least the 12 months preceding the month in which [the

5    claimant] file[d] [her] application.  If [the claimant] say[s] that [her] disability began less than 12

6    months before [she] filed [her] application, we will develop [her] complete medical history

7    beginning with the month [she] say[s] [her] disability began . . . .").  In this case, the Commissioner

8    has not pointed to, and the Court's review has not revealed, any evidence that suggests plaintiff's

9    condition changed materially in the few weeks between Dr. Sayadyan's opinion and plaintiff's

10   eligibility date.  Dr. Sayadyan's April 2007 opinion was rendered after plaintiff's alleged disability

11   onset date of October 1, 2001, and squarely within the 12-month period preceding plaintiff's May

12   2007 application date.  It was error for the ALJ to disregard this opinion.

13       Remand is warranted for the ALJ to properly evaluate Dr. Sayadyan's opinion, and to what

14   extent that opinion impacts on plaintiff's condition during the time period at issue in this action.[5]

15

16                                   **VI.**

17                **<u>REMAND FOR FURTHER PROCEEDINGS</u>**

18       As a general rule, remand is warranted where additional administrative proceedings could

19   remedy defects in the Commissioner's decision.  <u>See</u> <u>Harman</u>, 211 F.3d at 1179; <u>Kail v. Heckler</u>,

20   722 F.2d 1496, 1497 (9th Cir. 1984).  In this case, remand is appropriate for the ALJ to properly

21   evaluate Dr. Sayadyan's opinion.  The ALJ is instructed to take whatever further action is deemed

22   appropriate and consistent with this decision.

23

24                            _____

25        [5]     The Court declines to review the other reasons proffered by the Commissioner for justifying
the ALJ's implicit rejection of Dr. Sayadyan's opinion [<u>see</u> JS at 11-15], as "[a] reviewing court can

26   evaluate an agency's decision only on the grounds articulated by the agency."  <u>Ceguerra v. Sec'y
of Health & Human Servs.</u>, 933 F.2d 735, 738 (9th Cir. 1991).  Nor will the Court conclude that the

27   ALJ's error was harmless, as the vocational expert testified that a hypothetical individual with
limitations very similar to those assessed by Dr. Sayadyan could not perform any of plaintiff's past

28   relevant work.  [AR at 67.]

1    Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**;

2 (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant

3 for further proceedings consistent with this Memorandum Opinion.

4    **This Memorandum Opinion and Order is not intended for publication, nor is it**

5 **intended to be included in or submitted to any online service such as Westlaw or Lexis.**

6

7 DATED: April 4, 2011

                             PAUL L. ABRAMS

8                   UNITED STATES MAGISTRATE JUDGE